## RUFUS W. STICKNEY, RESPONDENT, *v.* LUDOVIC F. BILLINGS, APPELLANT, IMPLEADED, ETC.

*Evidence — when a party's statements made in the absence of the other party are inadmissible in his favor — when they do not form a part of the* res gestæ.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

The action was brought to recover damages for the conversion of certain cheese. The defendant Billings claimed to have acquired title through the defendant Wade, who claimed to have purchased from the plaintiff. The latter denied that he had ever parted with his title to the cheese.

Upon the trial the defendants gave in evidence a complaint in another action brought by the plaintiff, in which it was averred that the cheese was sold upon seven days' credit, which complaint was verified by the plaintiff. To overcome the effect of such evidence, the plaintiff was allowed to call Milton B. Brown, who testified that he was present at the office of the attorney in New York, who drew the complaint for the plaintiff. While he was making out the complaint in the presence of plaintiff, Brown was asked, viz.: "Did you hear Stickney make a statement to Mr. Murphy in regard to the terms of his arrangement with Wade?" This was objected to by defendants, on the ground that it was incompetent for the plaintiff to prove in his own behalf the statement made by himself as to credit. Thereupon the court ruled " that the witness might state what he heard said, so far as it bore on the allegation in the complaint in the replevin action, as to the terms of sale and delivery of the cheese." To this ruling defendants excepted. Thereupon the witness replied, viz.: " Mr. Murphy asked him the terms of the sale. Mr. Stickney told him the cheese was shipped directly from him to Joyce & Billings, and that it was never to go into Mr. Wade's hands at all, or to be shipped by Mr. Wade* to Joyce & Billings, unless Mr. Wade should pay for it." Thereupon defendants' counsel moved to strike out this testimony as incompetent. The court denied the motion and defendants excepted. The witness further said: " This was Friday or Saturday, the twenty-second or twenty-third of August." The plaintiff's counsel asked him the following question: " Did Mr. Stickney, in that conversation, say that the sale was on seven days' credit?" To this defendant again objected as incompetent, and the court overruled the objection and defendants excepted, and the witness answered: " I heard no such conversation."

The court at General Term said: " We think the rulings cannot be sustained. Plaintiff's declarations made to his attorney in the absence of the defendants were not admissible. They were no part of the *res gestæ* of any transaction had then and there with the defendants. Plaintiff was not entitled to resort to his declarations to bolster up or sustain the explanation he had, as a witness, made or might make of the inconsistent statements found in his com-

* So in appeal papers.

plaint in the replevin action. ( *Weeks* v. *Lowerre*, 8 Barb., 534, 535 ; *Erben* v. *Lorillard*, 19 N. Y., 299.) Nor does the error fall within the category of errors to be . overlooked because clearly not prejudiced to the party against whom committed. (*Crary* v. *Sprague*, 12 Wend., 41 ; *Mitchell* v. *Hinman*, 8 id., 672.)

" It became very important to the plaintiff in this trial to overcome the effect of the statements made by him in his sworn complaint in the former action, and he summoned his own previous declarations to his aid to take the sting out of that complaint, and sought to show that he made a statement to his attorney consistent with his evidence upon this trial.

" We cannot say that the jury was not influenced in their verdict by the evidence of Brown, which we have above quoted.

" A new trial should be granted."

*Bowen, Rogers & Locke*, for the appellant.

*Norris Morey*, for the respondent.

Opinion by HARDIN, J. ; SMITH, P. J., and BARKER, J., concurred

Judgment reversed and new trial ordered, costs to abide event.